# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Andrew Kyle Gregerson, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 3:17-cv-81 |
| Leann K. Bertsch, Director of D.O.C.R.; Colby Braun, Warden of D.O.C.R.; and Tammy Schroeder, Inmate Accounts of D.O.C.R.; all in their individual and official capacities, | ) **SUPPLEMENTAL** ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff Andrew Kyle Gregerson filed a complaint alleging that the Department of Corrections and Rehabilitation's (DOCR's) policy requiring him to pay court-ordered restitution and overdue supervision fees while incarcerated violated his constitutional rights to due process, to equal protection, and to be free from cruel and unusual punishment. (Doc. #7, p. 5; Doc. #7-8, pp. 3-4). He also alleged that the requirement violated his state law rights. (Doc. #7, p. 5). A June 28, 2017 Report and Recommendation (R&R), which is currently pending before the district judge, recommends that his complaint be dismissed because Gregerson stated no plausible claim entitling him to relief. (Doc. #14).

Gregerson has now filed a motion to amend the complaint, seeking to assert that the DOCR's delay in holding a hearing on his financial obligations violated his procedural due process rights. (See Doc. #18-1, pp. 1-4). Since Gregerson's proposed amendment states no plausible claim entitling him to relief, his motion to amend the complaint should be denied.

The court repeats the facts as stated in the June 28th R&R:

> Gregerson pleaded guilty to aggravated assault, and the state court sentenced him to a term of imprisonment followed by supervised probation. State v. Gregerson, Cass County Case No. 09-2012-CR-03119, Doc. ID# 82. The state court ordered Gregerson to pay monthly probation supervision fees and restitution in the amount of $12,515.79, which the court reduced to a civil judgment. Id.
>
> After Gregerson violated the terms of his supervised probation, the state court revoked his probation and sentenced him to an additional term of imprisonment. Id. at Doc. ID# 100. During Gregerson's second term of imprisonment, the DOCR notified him, in writing, that it would deduct money from his inmate account for the court-ordered restitution and past supervision fees. (Doc. #10-1, p. 3). Gregerson checked a box on the written notice, indicating that he did not agree to pay those financial obligations. Id. The box Gregerson checked further stated:
>
>> I . . . understand that this is my notice that I will be given a due process hearing <u>within the next 10 working days</u>, but at least 24 hours from now, where I will be able to present evidence why funds should not be withdrawn. I understand I have the right to appeal the decision to the Director of the DOCR.
>
> Id. Gregerson signed and dated the document on <u>October 25, 2016.</u> Id. A hearing was held on <u>December 10, 2016.</u>[1] Id. Gregerson argued that, since the state court reduced the restitution to a civil judgment, he was not required to make restitution payments while incarcerated. (Doc. #7, p. 5). The hearing officer agreed with Gregerson and recommended that he be required to pay toward the $550.00 in past supervision fees but not toward restitution. Id.; (see also Doc. #7-1; Doc. #10-1, p. 3). Defendant Warden Colby Braun disapproved the hearing officer's recommendation and ordered that Gregerson make payments toward both the overdue supervision fees and restitution in accordance with DOCR policy. Id.
>
> Gregerson appealed Warden Braun's decision. (Doc. 7, p. 5; Doc. #7-1; Doc. #10-1, pp. 1-2). Defendant Director Leann K. Bertsch denied Gregerson's appeal, concluding that, pursuant to North Dakota Century Code section 12-48-15(4), the "warden may withdraw funds from an inmate's penitentiary account to meet the inmate's legitimate financial obligations." (Doc. #10-1, p. 1).

(Doc. #14, pp. 2-3) (footnote omitted and emphasis added).

---

[1] It is unclear why the hearing was not held within ten working days.

In his proposed amended complaint, Gregerson contends that, because the DOCR did not hold a hearing within ten working days of the date he signed and dated the notice, the DOCR violated his procedural due process rights. He does not, however, allege any resulting prejudice from the delay.

There is no constitutional requirement for <u>any</u> hearing prior to a prison facility's taking of an inmate's money to pay toward that inmate's legitimate debts. Since there is no requirement for <u>any</u> hearing, there is no constitutional mandate as to timing of any hearing that is had. As discussed in the June 28th R&R, courts have held that due process is satisfied when inmates are provided fewer procedural protections than Gregerson received prior to deductions from inmate accounts—including no predeprivation hearing. <u>See</u> <u>Mahers v. Harford</u>, 76 F.3d 952, 956 (8th Cir. 1996) (holding that inmates were not deprived of due process when the correctional facility failed to hold individualized predeprivation hearings prior to deducting money from inmates' accounts for court-ordered restitution); <u>Taylor v. Sebelius</u>, 189 F. App'x 752, 761 (10th Cir. 2006) (unpublished) (holding that due process did not entitle an inmate to a hearing prior to the prison deducting unpaid supervision fees from the inmate's account when the inmate could contest any erroneous deduction through the prison's grievance system). Additionally, Gregerson describes no resulting prejudice or any adverse consequence resulting from the delay. Gregerson received adequate procedural protections; his proposed amended complaint therefore states no plausible procedural due process claim.[2] It is **RECOMMENDED** that Gregerson's motion to amend the

---

[2] The remaining matter Gregerson raises in his proposed amended complaint—that the court-ordered restitution is not "a legitimate financial obligation"

complaint, (Doc. #18), be **DENIED**.

Dated this 3rd day of August, 2017.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT[3]

Plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than **August 17, 2017**, a pleading specifically identifying those portions of the Supplemental Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

since it was "reduced to a civil judgment," (see Doc. #18-1, pp. 4-6)—was adequately addressed in the July 28th R&R, (see Doc. #14, pp. 1-2 n. 1). Thus, the court will not again address that contention.

[3] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.